IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RUBEN TORRES HERNANDEZ
Plaintiff/Counter-Defendant

vs

LEXIS NEXIS DE PUERTO RICO, INC.
Defendant/Counter-Claimant

CIVIL 17-1718CCC

**ORDER**

This action, originally filed by plaintiff Rubén Torres Hernández in the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Superior Part, was removed to this Court by defendant LexisNexis de Puerto Rico, Inc. (LexisNexis) on May 26, 2017 (d.e. 1). Before the Court now is the Motion to Dismiss filed by defendant LexisNexis on July 6, 2017 (**d.e. 9**), which remains unopposed.[1]

In his complaint, plaintiff alleges having worked for LexisNexis from December 12, 1997 through January 5, 2015, first as Sales Executive and later as Territory Manager. For nine years he served as Territory Manager for the entire island of Puerto Rico and the Virgin Islands. In 2013, however, defendant informed him that his territory would be limited to the San Juan region only, while Katia Quintana, a Territory Manager that had less seniority than him, was assigned the other 77 municipalities and the Virgin Islands. On October 14, 2013, plaintiff was placed in a "performance plan" given that he

---

[1] On August 2, 2017, plaintiff was granted a final term that expired on August 31, 2017 to oppose defendant's dismissal motion and was expressly advised that failure to comply would result in the Court's deeming said motion as unopposed (d.e. 18). He failed to oppose it.

had failed to meet the sales quota imposed by the company.  Plaintiff further alleged that, throughout 2014, he continuously reported to defendant having problems with the company's database and system, while also reminding it of the difficult economic situation that Puerto Rico was going through in all markets and segments.  On October 10, 2014, through an email sent to defendant's Regional Sales Manager Suzanne Brier, plaintiff suggested areas in which the company had to improve in order to achieve the goals imposed.  Plaintiff also requested Ms. Brier that in the year 2015 the territory and quota assigned to him be revised.

On December 4, 2014, plaintiff was informed by LexisNexis that his position would be eliminated effective on January 3, 2015.  Plaintiff further alleges that on that same date he was offered a "separation plan" (Amended Complaint, ¶ 18).  Quintana, who also worked as Territory Manager and had less seniority than plaintiff, was not similarly terminated.

Based on these allegations, plaintiff filed his complaint averring workplace retaliation under Puerto Rico Act 115 and wrongful termination under Puerto Rico Act 80.  Defendant removed the action to this Court based on 28 U.S.C. § 1441(a) for it averred that plaintiff's complaint included claims arising under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq.  In its Notice of Removal (d.e. 1), defendant specifically informed that the "separation plan" referenced by plaintiff in paragraph 18 of his complaint was in fact a "Separation Agreement and General Release required to be executed as part of Defendant's Reed Elsevier US Severance Plan . . . which provide[d] for severance benefits upon

termination of employment." d.e. 1, at p. 2, ¶ 7. Said Severance Plan, defendant contended, is "an employee benefit plan in which Plaintiff was a participant by virtue of his employment with [defendant] . . . classifying as "a 'welfare benefit plan', as that term is defined in ERISA, 29 U.S.C. § 1002(1)." Id.

Defendant LexisNexis has now moved for dismissal of the action, again relying on the reference to the "separation plan" included in plaintiff's complaint. LexisNexis has submitted the complete Severance Plan accepted by plaintiff upon termination, including the Separation Agreement and General Release which it required plaintiff to execute as part of said Severance Plan. It asks that the "separation plan" be considered by the Court in ruling on its Motion to Dismiss. In sum, LexisNexis's Motion to Dismiss is wholly predicated on an exhibit extrinsic to the complaint.

Ordinarily, on a motion to dismiss, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). However, the First Circuit recognizes "a narrow exception" to this rule which allows courts considering a motion to dismiss to review "documents the authenticity of which are not disputed by the parties; . . . official public records; . . . documents central to plaintiff['s] claim; [and] . . . documents sufficiently referred to in the complaint." Id. (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

CIVIL 17-1718CCC                    4

The Court finds that the "separation plan" referenced by plaintiff in his complaint, i.e. the Separation Agreement and General Release now submitted as an exhibit to defendant's dismissal motion (d.e. 10), contains information of which he had actual knowledge, as it was agreed to, accepted and signed by him on February 20, 2015.  d.e. 10, p. 8.  That document is also central to plaintiff's claims, as it was entered into by both parties "to establish an understanding and agreement regarding the separation of . . . employment with LexisNexis Puerto Rico Inc. effective January 4, 2015."  d.e. 10, p. 3.  Thus, the Court will consider said document without converting defendant's motion into one for summary judgment.

A thorough review of the "separation plan" reflects that plaintiff accepted that his termination was made for just cause in compliance with Puerto Rico's Act 80.  It stated:

> Your termination from employment due to position elimination is conducted for just cause as defined by Puerto Rico Act 80 of May 30, 1976, as amended, inasmuch as your position will be eliminated and to the extent it will not be substituted with a new hire in Puerto Rico within the next six months after your termination from the employment.

d.e. 10, p. 6.

Further, the general release provision of the "separation plan" provides:

> You agree that in consideration of the payments and benefits described above, you are completely releasing the Company, Reed Elsevier Inc.[2] and Reed Elsevier Group plc, and their respective parents, affiliates, subsidiaries, successors and assigns (hereinafter collectively referred to as the "Companies") and their respective officers, directors, employees, agents and independent contractors (together with the Companies, hereinafter collectively referred to as "Releasees") from all claims, debts, demands, actions, causes of actions, suits, dues, sums of money, accounts,

---

[2]Defendant LexisNexis' parent company at the time was Reed Elsevier, Inc.

>    reckonings, covenants, contracts, controversies, agreements, promises and all liabilities of any kind or nature whatsoever, at law, in equity or otherwise you may have against any of the Releasees including, but not limited to, those based on, arising out of, or related to your employment with the Company or the termination of that employment (individually or collectively "Claims"). Claims include, without limitation, any claims you may have under:
>
>    (a)   The Age Discrimination in Employment Act ("ADEA"), including the Older Workers Benefit Protection Act ("OWBPA"), which prohibits age discrimination in employment, including, in addition to any other such rights or claims any rights or claims under the ADEA or OWBPA with respect to benefits provided under the terms of this Agreement;
>
>    (b)   Title VII of the Civil Rights Act of 1964, which prohibits discrimination in employment based on race, color, national origin, religion or sex;
>
>    (c)   the Equal Pay Act, which prohibits paying men and women unequal pay for equal work;
>
>    (d)   the Americans with Disabilities Act, which prohibits discrimination against the disabled;
>
>    (e)   the Employee Retirement Income Security Act (excluding claims you may have for accrued, vested benefits under any employee benefit pension plan, in accordance with the terms of such plan and applicable law);
>
>    (f)   the Sarbanes-Oxley Act of 2002;
>
>    (g)   the Family & Medical Leave Act of 1993;
>
>    (h)   the Puerto Rico Act 80 of May 30, 1976, as amended; or
>
>    (i)   any other federal, state, or local law, regulation, or ordinance prohibiting employment discrimination or any claim or theory of retaliation.
>
>    "Claims" also includes any claims for wrongful discharge or unlawful conduct with respect to your employment with the Company. whether such claim is based in contract, tort or otherwise.

d.e. ____, pp. 5-6.

CIVIL 17-1718CCC                6

Thus, by the express terms of the "separation plan," plaintiff released LexisNexis from any claims that he may have against it based on or arising out of his employment with said company or on the termination of that employment, including those under Puerto Rico's Act 80 and Act 115.  As the allegations of plaintiff's complaint refer to events which occurred during his employment with LexisNexis and prior to the date of the execution of the "separation plan" on February 20, 2015, the claims asserted by him in this action under both Act 80 and Act 115 are barred by its terms and will be dismissed accordingly.

In its dismissal motion, defendant has also requested that judgment be granted in its favor on the counterclaim for breach of the "separation plan" it filed against plaintiff on July 7, 2017 (d.e. 11), after the case had been removed to this Court.  Aside from whether a motion to dismiss is the proper procedural vehicle to request such a ruling, we have other more basic concerns.  The certification included in said counterclaim indicates that it was "sent today by e-mail and regular mail to Plaintiff's attorney of record before the Commonwealth proceedings Denise G. Dubocq Berdeguez, Esq. . . .."  The Court notes, however, that after the removal of the case attorney Dubocq Berdeguez has not made an appearance on behalf of the plaintiff in this action. Thus, we are not convinced that plaintiff has been properly served with the counterclaim.  Given this circumstance, we will opt instead to dismiss defendant's counterclaim, without prejudice.

For the reasons stated above, the Motion to Dismiss filed by defendant LexisNexis on July 6, 2017 (**d.e. 9**) is GRANTED.  Judgment shall be entered

DISMISSING plaintiff's complaint, with prejudice, while defendant's counterclaim will be dismissed without prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on March 23, 2018.

S/CARMEN CONSUELO CEREZO
United States District Judge